UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HACKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCHWARZENEGGER, et al,<br><br>　　　　Defendants. | CV F 04-5124 OWW SMS<br><br>ORDER AMENDING THE COURT'S ORDER OF MARCH 30, 2004, DISMISSING COMPLAINT (DOC. 9)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS WITHIN WHICH TO FILE AN AMENDED COMPLAINT WITH RESPECT TO A CLAIM PURSUANT TO 42 U.S.C. § 1983<br><br>ORDER DIRECTING THE CLERK TO FORWARD A BLANK PRISONER CIVIL RIGHTS COMPLAINT FORM TO PLAINTIFF WITH THIS ORDER |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. The complaint was filed on January 20, 2004. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

　　　<u>Amendment of the Court's First Order of Dismissal</u>

　　　On March 30, 2004, the Court ordered Plaintiff's complaint to be dismissed with leave to amend. Plaintiff failed to respond to the order. Due to clerical error, the Court failed

1

1  subsequently to recommend dismissal for Plaintiff's failure to
2  file an amended complaint or otherwise to prosecute the case. In
3  the interim, as is detailed below, the law governing the
4  classification of § 1983 claims such as Plaintiff's underwent a
5  change. In view of these circumstances, the Court is issuing this
6  amendment of its order of March 30, 2004. This amendment
7  addresses only the screening of Plaintiff's claim pursuant to 42
8  U.S.C. § 1983 and is intended to provide a further explanation of
9  the Court's screening and a renewed opportunity to file an
10 amended complaint only with respect to a claim brought pursuant
11 to 42 U.S.C. § 1983.

12      Screening the Complaint

13     The Court must screen complaints brought by prisoners
14 seeking relief against a governmental entity or officer. 28
15 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion
16 thereof if the Court determines that an allegation of poverty is
17 untrue or that the action is 1) frivolous or malicious, 2) fails
18 to state a claim upon which relief may be granted, or 3) seeks
19 monetary relief from a defendant who is immune from such relief.
20 28 U.S.C. §§ 1915A(b), 1915(e)(2).

21      In reviewing a complaint under this standard, the Court
22 must accept as true the allegations of the complaint in question,
23 Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
24 (1976), construe the pro se pleadings liberally in the light most
25 favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
26 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
27 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28     If the Court determines that the complaint fails to state a

claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. <u>Id.</u> A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Id.</u>

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46 (1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-

3

free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Here, Plaintiff complains that after he was arrested and placed in custody at a jail on August 9, 2003, he arrived at Wasco State Prison on October 9, 2003, and he did not have a full-blown Morrissey[1] hearing on his parole revocation until December 16, 2003. He claims that he was not afforded counsel until on or about December 8, 2003, and could not meet with counsel before the hearing. He seeks "freedom and monitary (sic) damages" for each day of delay beyond a reasonable time, which Plaintiff asserts is twenty-three days for a screening process and forty-five days for the Morrissey hearing. He claims that he suffered mental stress, abuse, anxiety and loss of freedom and suffering. Plaintiff does not detail what the result of the Morrissey hearing was, but it may be inferred that Plaintiff was found to have violated parole because he remained in Wasco state prison, where according to his complaint he arrived on October 9, 2003, as a parole violator. The Court thus infers on the basis of the complaint that Plaintiff was found to have violated parole.

---

[1] The reference is to Morrissey v. Brewer, 408 U.S. 471 (1972).

4

On March 30, 2004, the Court issued an order dismissing Plaintiff's complaint with leave to amend. The Court's order noted that to the extent that Plaintiff sought freedom, or to have his time in custody shortened because of the delay in his parole revocation, Plaintiff was challenging the duration of the term of confinement imposed for the parole violation. Plaintiff was informed that in an action pursuant to 42 U.S.C. § 1983, the Court does not have jurisdiction to consider the fact or duration of a prisoner's confinement; rather, plaintiff's remedy was to file for habeas corpus after exhaustion of his state and administrative remedies. Heck v. Humphrey, 512 U.S. 477, 481-482 (1994), citing Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).

The Court's order dismissing Plaintiff's complaint with leave to amend further informed Plaintiff that to the extent that Plaintiff attempted to state a claim cognizable in habeas corpus of violation of due process of law from the delay in his parole violation hearing, he had failed to allege that he suffered prejudice as a result of the delay. Cf. Camacho v. White, 918 F.2d 74 (9th Cir. 1990). Plaintiff had also failed to demonstrate exhaustion of state remedies.

The Court's order further informed Plaintiff that to the extent that he sought damages for the delay in parole proceedings, as distinct from time credit or time reduction, Plaintiff was necessarily claiming that the procedure leading to his parole revocation was invalid and thus that the revocation itself was invalid. The validity of the revocation of parole and thus the continuing confinement of the prisoner was implicated by Plaintiff's challenge. Plaintiff's civil claim for damages thus

5

amounted to a collateral attack on his denial of parole and subsequent incarceration. Such an attack was not permitted by Heck v. Humphrey, 512 U.S. 477, 486-87, and Edwards v. Balisok, 520 U.S. 641, 644-48 (1997). Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997). The Court concluded that Plaintiff's civil rights claim did not accrue unless and until the parole revocation was reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus; it was properly dismissed because it failed to state a claim.

The Court's order directed that Plaintiff be given a form for a habeas corpus petition and for a civil rights claim. The Court's order and the forms were served by mail on Plaintiff on March 31, 2004. Plaintiff did not file in this action any further pleadings in the nature of a complaint or petition in response to the Court's order.

In the interim between the Court's order dismissing Plaintiff's complaint with leave to amend and the present, the case of Wilkinson v. Dotson, 125 S.Ct. 1242 (2005) was decided. In that case it was held that constitutional challenges to the constitutionality of parole procedures (there the standards used to govern parole eligibility and suitability as well as the make-up of the tribunal and extent of an inmate's opportunity to speak) may be brought in actions pursuant to 42 U.S.C. § 1983 where the remedy sought is declaratory relief or correction of procedures as distinct from a release from custody.

Here, the only remedies sought by Plaintiff are 1) freedom for each day beyond the Morrissey process, and 2) monetary damages. As previously set forth, this Court does not have the

6

jurisdiction in a § 1983 suit to award freedom for delay because in effect it would respond to a request for adjudication of either the lawfulness or duration of Plaintiff's confinement.

As to damages, Plaintiff has not alleged that the delay was unreasonable or that he suffered any prejudice from the delay. Plaintiff appears to rely on regulations or state law authority providing time limits on the parole revocation process. He asserts that he suffered mental stress, unspecified abuse, hardship, anxiety, loss of freedom and suffering, and unlawful imprisonment. The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Here, even if it is assumed that Plaintiff had some interest in the timeliness of a Morrissey hearing separate and apart from the validity of the result of the hearing, Plaintiff's suit for

7

damages does not address such an interest in a way compatible with the holdings of Heck v. Humphrey 512, U.S. 477, 486-87 (1994) and Edwards v. Balisok, 520 U.S. 641, 644-48 (1987). In view of the fact that it appears that Plaintiff's parole was revoked as a result of the parole revocation proceedings, it does not appear that the restraint involved in any delay imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life.

Further, as Plaintiff was informed in the Court's order dismissing his complaint without leave to amend, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher

8

1  v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442
2  U.S. 941 (1979). To state a claim for relief under section 1983
3  for supervisory liability, plaintiff must allege some facts
4  indicating that supervisory defendants either personally
5  participated in the alleged deprivation of constitutional rights;
6  knew of the violations and failed to act to prevent them; or
7  promulgated or "implemented a policy so deficient that the policy
8  'itself is a repudiation of constitutional rights' and is 'the
9  moving force of the constitutional violation.'" Hansen v. Black,
10 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted);
11 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although
12 federal pleading standards are broad, some facts must be alleged
13 to support claims under section 1983. See Leatherman v. Tarrant
14 County Narcotics Unit, 507 U.S. 163, 168 (1993).

15      Plaintiff has not alleged any facts indicating that
16 Defendant Schwarzenegger personally participated in the alleged
17 deprivation of constitutional rights; knew of the violations and
18 failed to act to prevent them; or promulgated or "implemented a
19 policy so deficient that the policy 'itself is a repudiation of
20 constitutional rights' and is 'the moving force of the
21 constitutional violation.'" Hansen v. Black at 646.

22      To the extent that Plaintiff seeks damages from Defendant
23 Chris Johnson, a parole agent, and Defendant Lopez, a parole
24 hearing officer, it appears that Plaintiff is seeking
25 compensation for their participation in the parole revocation
26 process, and specifically, the length of time between the arrest
27 and the actual revocation hearing. Plaintiff mentions no other
28 conduct in connection with these defendants. It is established

9

that parole officers engaging in such processes are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications. <u>Sellars v. Procunier</u>, 641 F.2d 1295, 1302 (9th Cir. 1981) (parole board officials); <u>Anderson v. Boyd</u> 714 F.2d 906, 909 (9th Cir. 1983)(imposition of parole conditions).

To the extent that Plaintiff seeks damages from Defendant Doyle Anderson, who was Plaintiff's attorney during the revocation hearing process, Plaintiff is informed that to state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. <u>See</u> <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991). It appears that Defendant Anderson was an attorney appointed by the government. However, it is likewise established that a public defender does not act under color of state law when performing a lawyer's analogous traditional functions as counsel to a defendant in a criminal proceeding. <u>Polk County v. Dodson</u>, 454 U.S. 312, 317, 325 (1981); <u>Rivera v. Green</u>, 775 F.2d 1381, 1384 (9th Cir. 1985). The only mention of Anderson is in connection with Plaintiff's allegation that Plaintiff did not see his counsel until the day of the hearing, and counsel did not argue Plaintiff's points about the delay or his having been categorized as a parole violator when he was initially returned to Wasco.

Finally, Plaintiff asserted that no branch of the government

has the authority to impose a special or separate sentence of parole after the sentence has been served. However, Plaintiff does not state dates or other facts that would indicate that his sentence was completed at the time of his being taken into custody or at the time his parole was revoked.

### Amendment of the Complaint

For these reasons, Plaintiff's original complaint does not state a claim cognizable in a suit pursuant to 42 U.S.C. § 1983. The Court previously gave Plaintiff leave to file an amended complaint within thirty days of service of its order dismissing the complaint. For good cause, the Court hereby grants Plaintiff a further thirty-day period within which to file an amended complaint stating a claim pursuant to § 1983. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended

complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The Clerk will be directed to forward to Plaintiff a form for a prisoner civil rights action

In accordance with the above, IT IS HEREBY ORDERED that:

1) The Court's HEREBY AMENDS its order of March 30, 2004, dismissing Plaintiff's complaint with leave to amend; and

2) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint stating a claim pursuant to 42 U.S.C. § 1983 that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action; and

3) The Clerk of the Court IS DIRECTED to send to Plaintiff with this order a blank prisoner civil rights (§ 1983) complaint form with this order.

IT IS SO ORDERED.

**Dated:   May 26, 2005**               **/s/ Sandra M. Snyder**
icido3                                   UNITED STATES MAGISTRATE JUDGE