1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HACKETT, | ) CV F 04-5124 OWW SMS |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DISMISS COMPLAINT WITHOUT LEAVE |
| | ) TO AMEND AND TO DISMISS ACTION |
| v. | ) FOR FAILURE TO STATE A CLAIM |
| | ) (DOC. 13) |
| SCHWARZENEGGER, et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Procedural Summary</u>

The initial complaint was filed on January 20, 2004, complaining of parole revocation procedures occurring in 2003 and 2004. On March 30, 2004, the Court ordered Plaintiff's complaint to be dismissed with leave to amend. Plaintiff failed to respond to the order. Due to clerical error, the Court failed subsequently to recommend dismissal for Plaintiff's failure to file an amended complaint or otherwise to prosecute the case. Due

1

1    to changes in the law governing § 1983 complaints concerning some

2    parole matters, the Court's order dismissing Plaintiff's

3    complaint with leave to amend was itself amended; on May 27,

4    2005, Plaintiff was granted thirty days within which to file an

5    amended complaint. Plaintiff filed an amended complaint on June

6    3, 2005.

7        II. <u>Screening the Complaint</u>

8        The Court must screen complaints brought by prisoners

9    seeking relief against a governmental entity or officer. 28

10   U.S.C. § 1915A(a). The Court must dismiss a complaint or portion

11   thereof if the Court determines that an allegation of poverty is

12   untrue or that the action is 1) frivolous or malicious, 2) fails

13   to state a claim upon which relief may be granted, or 3) seeks

14   monetary relief from a defendant who is immune from such relief.

15   28 U.S.C. §§ 1915A(b), 1915(e)(2).

16       In reviewing a complaint under this standard, the Court

17   must accept as true the allegations of the complaint in question,

18   <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740

19   (1976), construe the pro se pleadings liberally in the light most

20   favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447

21   (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

22   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

23       If the Court determines that the complaint fails to state a

24   claim, leave to amend should be granted to the extent that the

25   deficiencies of the complaint can be cured by amendment. <u>Lopez v.</u>

26   <u>Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A

27   complaint, or a portion thereof, should only be dismissed for

28   failure to state a claim upon which relief may be granted if it

2

appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains

disrespectful references to the Court, <u>id.</u>; or if it contains

untrue material allegations of fact or false statements made with

knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>,

741 F.2d 209, 212 (8th Cir. 1984).

Here, in the amended complaint filed on June 3, 2005,

Plaintiff complains of parole revocation procedures that have

occurred in 2005 and that involve a different revocation from

that which was the subject of the initial complaint. Plaintiff

states that Defendant Board of Prison Terms is not timely

granting parole revocation processes and thus is violating the

due process clause of the Fourteenth Amendment. He names Governor

Schwarzenegger and the Board of Prison Terms as defendants. He

states that Defendants are not granting a revocation hearing

within thirty-five days as required in <u>Valdivia v.</u>

<u>Schwarzenegger</u>; the precise facts of his detention and/or arrest

for a parole violation are not set forth, but he makes reference

to dates of March 18, April 14, and May 14, 2005. He complains of

stress, hardship, loss of freedom, liberty, harassment, and

anxiety. He demands a jury trial, civil sanctions, damages of

$150,000.00, and freedom.

A. <u>Defendants</u>

The Civil Rights Act under which this action was filed

provides:

> Every person who, under color of [state law]...
> subjects, or causes to be subjected, any citizen of the
> United States... to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution... shall be liable to the party injured in
> an action at law, suit in equity, or other proper
> proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a

4

plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Defendant Schwarzenegger personally participated in the alleged

deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646.

To the extent that Plaintiff sues the Board of Prison Terms, Plaintiff appears to be suing either the state, against which a § 1983 suit would be legally frivolous because states are not persons within the meaning of § 1983, <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 69 (1997); <u>Jackson v. Arizona</u>, 885 F.2d 639, 641 (9th Cir. 1989); or a state agency, which likewise is not a person for purposes of § 1983, <u>Hale v. State of Ariz.</u>, 993 F.2d 1387, 1399 (9th Cir. 1993) (Arizona Department of Corrections); <u>Lucas v. Dept. of Corrections</u>, 66 F.3d 245, 248 (9th Cir. 1995); <u>Allison v. California Adult Auth.</u>, 419 F.2d 822, 823 (9th Cir. 1969).

Although Plaintiff has previously been cautioned regarding the need to identify defendants who are not immune from suit, Plaintiff nevertheless might be able to remedy this defect by amendment.

However, Plaintiff's claim suffers from more fundamental defects, as is detailed in the following analysis.

B. <u>Legality of Confinement</u>

To the extent that Plaintiff seeks freedom, his complaint may be interpreted to be a challenge to the legality of his present confinement. However, Plaintiff has repeatedly been informed that in an action pursuant to 42 U.S.C. § 1983, the Court does not have jurisdiction to consider the fact or duration

1  of a prisoner's confinement; rather, plaintiff's remedy is to

2  file for habeas corpus after exhaustion of his state and

3  administrative remedies. Heck v. Humphrey, 512 U.S. 477, 481-482

4  (1994), citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

5      The Court's order dismissing Plaintiff's complaint with

6  leave to amend further informed Plaintiff that to the extent that

7  Plaintiff attempted to state a claim, cognizable in habeas

8  corpus, of violation of due process of law from the delay in his

9  parole violation hearing, he had failed to allege that he

10  suffered prejudice as a result of the delay.  Cf. Camacho v.

11  White, 918 F.2d 74 (9th Cir. 1990). Plaintiff had also failed to

12  demonstrate exhaustion of state remedies.

13      Thus, to the extent that Plaintiff's complaint is construed

14  as a challenge to the legality of his confinement, the Court does

15  not have jurisdiction in a § 1983 suit over such a challenge.

16                    C. Injunctive Relief

17      In the most recent order dismissing Plaintiff's complaint

18  with leave to amend, Plaintiff was informed of the possibility of

19  stating a claim for injunctive or declaratory relief with respect

20  to strictly the procedural aspect of the 2003 or 2004 parole

21  revocation procedures that apparently had resulted in a previous

22  revocation of Plaintiff's parole. It may be that Plaintiff's

23  claim for "freedom" in the amended complaint, liberally

24  construed, could be interpreted to be a request for injunctive

25  relief strictly with respect to the tardiness of the more recent

26  parole revocation proceedings of which Plaintiff now complains.

27      However, as Plaintiff indicates in his complaint, there is

28  presently pending a class action lawsuit involving parolees

                              7

statewide awaiting revocation proceedings as well as parolees
statewide whose parole has been revoked, that has directed state
officials to implement timely parole revocation procedures.
Plaintiff expressly complains that he is not receiving the relief
ordered in the <u>Valdivia</u> action. The lawsuit named in Plaintiff's
complaint is <u>Valdivia v. Schwarzenegger</u>, CV S-94-0671 LKK/GGH,
presently pending in the Eastern District of California. The
Court takes judicial notice of the docket and records in that
case. <u>See</u> <u>Mir v. Little Company of Mary Hospital</u>, 844 F.2d 646,
649 (9th Cir. 1988). The court's order of December 1, 1994,
certified the class as including parolees awaiting adjudication
of revocation as well as those whose parole had been revoked. On
June 13, 2002, Judge Lawrence K. Karlton granted partial summary
judgment in favor of the plaintiffs, holding that California's
unitary parole revocation system violated due process rights by
unduly delaying preliminary hearings on the reliability of the
probable cause determination. <u>Valdivia v. Davis</u>, 206 F.Supp.2d
1068, 1078 (E.D.Cal. 2002). On March 9, 2004, Judge Karlton filed
a stipulated order for permanent injunctive relief which required
implementation by Governor Schwarzenegger, and Michael Connolly
and Edward McNair, Acting Chief Deputy Commissioners of the Board
of Prison Terms of the State of California, among others, of
provisions for timely parole revocation hearings, including
timely probable cause hearings, and final revocation hearings
within thirty-five calendar days of the placement of a parole
hold, all to be implemented by July 1, 2005 (at 3-4, 6).
Compliance was to be monitored by counsel, and the Court retained
jurisdiction to enforce its order (at 6-7). On May 26, 2004, a

stipulation and order regarding final notice to the plaintiff
class issued; it stated that by July 2005, all parolees held on
revocation charges will receive probable-cause hearing within ten
business days after notice of the charges, and final revocation
hearings must be held within thirty-five calendar days of arrest.
The notice was ordered to be made available to inmates; it
notified them that attorneys for the plaintiff class were to
monitor the Board of Prison Term's compliance with the order, and
that the attorneys, whose names and addresses were stated, could
be contacted.

It thus appears that a class action, involving a class of
which Plaintiff is a member, and covering any injunctive relief
prayed for by Plaintiff herein, is already pending and is subject
to enforcement by the Court before which it is pending. A court
may choose not to exercise its jurisdiction when another court
having jurisdiction over the same matter has entertained it and
can achieve the same result. Individual lawsuits for injunctive
and declaratory relief are unnecessary if there is a class action
pending involving the same subject matter; a district court may
dismiss an individual plaintiff's action where the plaintiff is a
member of a pending class action raising the same claims.
Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); Frost v.
Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); see Jacobson v.
Schwarzenegger, 357 F.Supp.2d 1198, 1209 (C.D.Cal. 2004), and
authorities there cited. Plaintiff does not state any facts that
would indicate that the Valdivia suit is an inadequate means
through which to seek the relief which his complaint may be seek
To the extent that Plaintiff seeks injunctive relief, Plaintiff's

9

1  claim should be dismissed.

2          D. <u>Damages</u>

3  _____Plaintiff seeks damages for stress, hardship, harassment,

4  and anxiety. He does not state any facts that indicate any

5  factual basis for his having suffered these damages other than

6  allegedly tardy parole revocation procedures.

7      The problem with Plaintiff's present amended complaint is

8  that he has not yet had his present parole revocation finally

9  adjudicated. It is unclear when, and particularly with reference

10 to the <u>Valdivia</u> directives and enforcement mechanism, whether,

11 Plaintiff suffered any untimely disposition. Further, in the

12 absence of adjudication, it is not clear that Plaintiff has been

13 entitled to liberty or that he has suffered any deprivation of

14 liberty; it could not now be determined whether or not his claim

15 necessarily implied the invalidity of any parole decision because

16 no decision has been made. If his parole is ultimately revoked,

17 it is possible that any damages suit relating to the procedures

18 undertaken in revoking the parole would be prohibited by <u>Heck v.</u>

19 <u>Humphrey</u>, 512 U.S. 477, 486-87, and <u>Edwards v. Balisok</u>, 520 U.S.

20 641, 644-48 (1997); it would only be permitted by <u>Wilkinson v.</u>

21 <u>Dotson</u>, 125 S.Ct. 1242 (2005), with respect to a challenge to the

22 constitutionality of parole procedures (there the standards used

23 to govern parole eligibility and suitability as well as the make-

24 up of the tribunal and extent of an inmate's opportunity to

25 speak) that sought declaratory relief or correction of

26 procedures. Presently the nature and extent of injury, if any, is

27 unclear because it is not clear that any injury has been

28 suffered. Plaintiff's claim is not ripe because the concrete

10

impact of the challenged practice is not clear with respect to Plaintiff. Cf. Clinton v. Acequia, Inc., 94 F.3d 568, 572-73 (9th Cir. 1996). In light of the pendency of the Valdivia action, it does not appear that Plaintiff would suffer any hardship by the nonparticipation of this Court with respect to Plaintiff's potential harm. Accordingly, Plaintiff has failed to state a claim that is ripe for judicial determination.

In summary, although Plaintiff has been given an opportunity to file an amended complaint, he has not stated facts showing a claim entitling him to relief. Because of the nature of his claims, it appears that amendment of the complaint would be futile.

III. Recommendation

Accordingly, it IS RECOMMENDED that Plaintiff's complaint BE DISMISSED WITHOUT LEAVE TO AMEND, and the action be ordered dismissed and terminated.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Plaintiff is admonished not to attempt to file an amended complaint as Plaintiff's recourse is to object to these findings and recommendations. Plaintiff is further admonished that this Court will strike any amended complaint filed without the Court's specific grant of permission to file an amended complaint.

IT IS SO ORDERED.

**Dated:    June 16, 2005**                    _____/s/ Sandra M. Snyder_____
icido3                                                    UNITED STATES MAGISTRATE JUDGE